**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE E.,** | ) | |
| | ) | **No. 24 C 4596** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **MARTIN O'MALLEY,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Nicole E. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

### Background

On December 16, 2021, plaintiff applied for benefits, alleging a disability onset date of July 22, 2016. (R. 103-04.) Her application was denied initially, on reconsideration, and after a hearing. (R. 17-39, 103-25.) Plaintiff appealed to the Appeals Council, which declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 19.) At step two, the ALJ found that plaintiff has the severe impairments of "osteoarthritis, obesity, vison loss in one eye, type II diabetes mellitus[,] history heart failure with severe aortic valve stenosis, status post mechanical valve replacement, and on anticoagulation therapy (Coumadin) after heart valve surgery." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 27.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform light work with exceptions. (R. 28-38.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 38-39.)

Plaintiff contends that the Commissioner did not meet his Step 5 burden of showing that a significant number of jobs exist in the national economy that plaintiff can perform. The ALJ accepted the vocational expert's ("VE's") testimony that plaintiff could perform the jobs of "office helper (DOT#239.567-010), marker (DOT#209.587-034), and mail clerk (DOT#209.687-026)" and there are 10,000 office helper positions, 131,000 marker positions, and 12,000 mail clerk positions in the national economy. (R. 39.) Plaintiff asserts that these jobs are outdated, and thus the ALJ erred in accepting the VE's testimony.

The time for plaintiff to have made that argument was during the hearing, and she did not. Rather, she only challenged the VE's testimony about the addresser position (R. 63-65), a job that played no part in the ALJ's decision. (*See* R. 39.) Because plaintiff failed to timely challenge the VE's testimony about the jobs on which the ALJ relied, plaintiff forfeited her arguments with respect to those jobs. *See Coyier v. Saul*, 860 F. App'x 426, 427-28 (7th Cir. 2021) ("Coyier waived any challenge to the VE's testimony by failing to ask any questions to reveal shortcomings in the job-number estimates or to submit a supplemental brief on the issue despite assuring the court prior to and at the hearing that he would do so."); *Johnny T. v. Saul*, No. 17 C 8671, 2020 WL 108442, at *8 (N.D. Ill. Jan. 9, 2020) ("Once plaintiff's counsel arrived at the vocational expert's explanation of the basis for her testimony, plaintiff's counsel did nothing further. She did not challenge that basis or object. . . . As such, she has forfeited this argument.").

Plaintiff next argues that the ALJ wrongfully rejected the opinion of her general practitioner, Dr. Porte. Though not a cardiologist, Dr. Porte completed a cardiac RFC questionnaire in which he said that plaintiff's cardiac symptoms would "constantly" interfere with the attention and concentration necessary to perform simple work tasks, she can stand and walk less than two hours of an eight-hour workday, she would need to take breaks every thirty minutes, she cannot do

any lifting, and she has to elevate her legs to heart level seventy-five percent of the workday. (R. 324-25.)

The ALJ said this about Dr. Porte's opinion:

> [O]n October 14, 2021, Alexander Porte, M.D., completed a cardiac residual functional capacity questionnaire on behalf of the claimant. Dr. Porte reported the claimant's symptoms as fatigue and sweatiness but found that anginal pain was not applicable. Dr. Porte opined that the claimant can sit about two hours of an eight-hour workday and stand and/or walk less than two hours in an eight-hour workday. Among the many limitations, Dr. Porte opined that the claimant can never lift any weight, not even a pound, and must elevate her legs 75 percent of the time, due to pain and swelling.
>
> The undersigned notes that although Dr. Porte completed a cardiac residual functional capacity questionnaire, he is not a cardiologist but a family medicine/general practitioner. The undersigned notes that on April 19, 2022, the claimant's cardiologist, after speaking with and examining the claimant, concluded that she was asymptomatic and that her valve was working fine. Cardiology notes from March 22, 2023, indicate that the claimant's most recent echocardiogram showed only mild regurgitation of the prosthetic valve. The notes indicate that the claimant has had no chest discomfort and no syncopal or pre-syncopal episodes. With respect to the claimant's diastolic heart failure, the claimant's cardiologist concluded that the claimant has only mild exertional symptoms (NYHA II) and appeared to be euvolemic. Thus, the undersigned does not find Dr. Porte's opinion to be persuasive as it appears to be inconsistent with the conclusions of the claimant's treating cardiologists.

(R. 37.)

Plaintiff argues that the ALJ's assessment violates the regulations that require ALJs to consider a number of factors when they evaluate medical opinions, the most important of which are supportability and consistency. 20 C.F.R. § 416.920c(b)(2), (c). Plaintiff says the record shows that Dr. Porte's assessment was supported by plaintiff's medical records from October and December 2022.[1] The record shows that plaintiff went to the emergency department on October 6, 2022, with shortness of breath and a cough and was diagnosed with asthma exacerbation and

---

[1] Plaintiff says her records from July and September 2022 also support Dr. Porte's opinion, but she does not provide a record cite for the evidence to which she refers, and thus the Court cannot evaluate it.

atypical pneumonia. (R. 808.) In November 2022, plaintiff went to the emergency department with shortness of breath, coughing, and wheezing. She had a normal heart rate and rhythm and was diagnosed with the flu. (R. 831-38.) In December 2022, plaintiff saw her cardiologist and reported that she had a "worsening exercise tolerance of 1 block which is limited by shortness of breath." (R. 905.) The doctor said plaintiff had "moderate to severe exertional symptoms (NYHA III)," but her heart rhythm and EKG were normal and she had no leg swelling. (R. 905-09.) In March 2023, plaintiff's cardiologist said, "Patient reports an improving exercise tolerance of 1-2 block[s] which is limited by shortness of breath," she has "mild exertional symptoms (NYHA II)," a normal EKG, normal heart sounds, and no leg swelling (R. 912-17.)[2]

It was the ALJ's responsibility to weigh the medical evidence and her prerogative to give more weight to the records of plaintiff's cardiologist than to those of general practitioner Dr. Porte. *Patricia B. v. Berryhill*, No. 17 CV 50201, 2019 WL 354888, at *3 (N.D. Ill. Jan. 29, 2019). Though plaintiff would like the Court to reweigh the evidence, that is something we cannot do. *Gedatus*, 994 F.3d at 900. In short, there is no reason to disturb the ALJ's assessment of Dr. Porte's opinion.

Next, plaintiff argues that the ALJ failed to build a logical bridge between the evidence and the visual limitations in the RFC, which preclude plaintiff, who has vision in only one eye, from working among hazards and doing "work that requires quick judgments of speed or distance, due to poor depth perception." (R. 28.) Plaintiff says the ALJ erred by not explaining "why vision loss in one eye was accommodated by a restriction on hazards and judgments of speed or distance."

---

[2] NYHA III means, "Marked limitation of physical activity. Comfortable at rest. Less than ordinary activity causes fatigue, palpitation, shortness of breath or chest pain." https://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Dec. 12, 2024). NYHA II classification means, "Slight limitation of physical activity. Comfortable at rest. Ordinary physical activity results in fatigue, palpitation, shortness of breath or chest pain." *Id.*

(ECF 13 at 11-12.) Even if that is true, which the Court does not decide, the ALJ adopted greater visual restrictions than the evidence required as "*no other physician opined plaintiff had any work-related functional restrictions related to vision.*" (ECF 17 at 12); *Kenneth K. v. Kijakazi*, No. 23 C 003, 2023 WL 4473034, at *1 (N.D. Ill. July 11, 2023) (cleaned up) ("The Seventh Circuit has held that there is no error in an RFC assessment when, as here, there is no doctor's opinion contained in the record that indicates greater limitations than those found by the ALJ."). Finally, even if the ALJ's RFC assessment is flawed, any error is harmless because plaintiff did not identify any work restrictions that would address her alleged visual limitations. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (per curiam) (holding that any error in RFC was harmless because plaintiff did not identify work restrictions that might address his limitations in concentration, persistence, or pace). In short, the RFC fashioned by the ALJ is not a basis for a remand.

Plaintiff's last challenge is to the ALJ's subjective symptom evaluation, which plaintiff says does not comport with SSR 16-3p. That regulation requires the ALJ to consider plaintiff's daily activities; the location, duration, and intensity of her symptoms; factors that precipitate and aggravate her symptoms; the type, effectiveness, and side effects of any medication she takes to alleviate them; other treatment she receives for relief of symptoms; any measures other than medication she uses to relieve symptoms; and any other factors concerning her functional limitations and restrictions due to her symptoms. SSR 16-3P, 2017 WL 5180304, at *7-8 (S.S.A. Oct. 25, 2017). Plaintiff says the ALJ erred because she did not consider plaintiff's statements that "she struggled to perform basic daily tasks without breaks" or acknowledge the factors that aggravate her symptoms. (ECF 13 at 14-15.)

The Court disagrees. We will uphold the ALJ's symptom evaluation "as long as the ALJ provided at least one reason to support the finding." *Schrank v. Saul*, 843 F. App'x 786, 789 (7th

Cir. 2021) (citing *McKinzey v. Astrue*, 641 F.3d 884, 890-91 (7th Cir. 2011)). Among other things, the ALJ considered plaintiff's testimony that she could no longer lift the children at her job, she can walk only a half block before she needs an inhaler, she can lift ten to twenty pounds, she can only sit for two minutes, and her legs swell if she stands too long. (R. 20.) She also considered "normal physical examination findings, normal testing, the short duration of many of plaintiff's allegedly disabling symptoms, and her own denial of symptoms to find that plaintiff's symptoms were not disabling." (ECF 17 at 5; *see* R. at 33-37.) Because the ALJ's subjective symptom evaluation was tethered to the record, it is not a basis for remand.

### Conclusion

For the reasons set forth above, the Court grants the Commissioner's motion for summary judgment [16], denies plaintiff's motion for summary judgment [13], and terminates this case.

**SO ORDERED.**                              **ENTERED: January 7, 2025**

**M. David Weisman**
**United States Magistrate Judge**